IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD RAY HACKETT, Plaintiff, vs. CNMI ELECTION COMMISSION, CNMI Election Commission Saipan MP 96950, Defendants. | CIVIL NO.18-00474 LEK-KSC FINDINGS AND RECOMMENDATION TO (1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND (2) DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS, REQUEST TO FILE BY FAX AND REQUEST TO FILE ELECTRONICALLY |

**<u>FINDINGS AND RECOMMENDATION TO (1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND (2) DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS, REQUEST TO FILE BY FAX AND REQUEST TO FILE ELECTRONICALLY</u>**

On December 4, 2018, Plaintiff Pro Se Clifford "Ray" Hackett ("Plaintiff") filed a Complaint in this matter as well as a document seeking (1) Free Process ("IFP Application)[1]; (2) Filing by Fax and (3) Electronic Process Service.

Pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), the Court

---

[1] The Court construes Plaintiff's free process request as a request to proceed without prepayment of fees.

finds this matter suitable for disposition without a hearing. After careful consideration of the Plaintiff's IFP Application and requests for filing by fax and electronic process service, the Court HEREBY FINDS AND RECOMMENDS (1) DISMISSING the Complaint with leave to amend; (2) DENYING without prejudice Plaintiff's IFP Application, request to file by fax and request for electronic process service for the reasons set forth below.

## BACKGROUND

Plaintiff commenced the instant action against Defendant CNMI Election Commission Saipan MP 96950 ("Defendant") on December 4, 2018. The facts underlying the instant Complaint are not clear. Plaintiff appears to be alleging that Defendant violated the Americans with Disabilities Act because of barriers which "block[s] disabled persons". ECF No. 1.

## DISCUSSION

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is

unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015)(citing Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981)(The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.")(internal quotation omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the fact of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

If the court dismisses the complaint, it should

grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficienceise of the complaint could not be cured by amendment.'" Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir. 1984).

In this case, the Court finds that dismissal with leave to amend is appropriate. Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013)(quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). After review of the Complaint, the Court finds that Plaintiff fails to include sufficient factual allegations demonstrating a

viable claim that his rights under the Americans with Disabilities Act were violated or that he is entitled to relief. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

      As best as the Court can ascertain, Plaintiff

believes that Defendant discriminated against him by failing to remove barriers.  Plaintiff fails to articulate facts which show how the Defendant's barriers or Defendant's failure to remove such barriers discriminate against Plaintiff in violation of the Americans with Disabilities Act.  Therefore, pursuant to 28 U.S.C. § 1915, the Court recommends the dismissal of the Complaint with leave to file an amended complaint, addressing the deficiencies identified above, by **January 11, 2019**.  Any amended complaint should be titled "First Amended Complaint" and must clearly state the relief sought and the factual and legal basis demonstrating that Plaintiff is entitled to relief.

Plaintiff is advised that Rule 10.3 of the Local Rules requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay,

375 F.2d 55, 57 (9th Cir. 1967).  Thus, if Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Insofar as the court is recommending dismissal of the Complaint, with leave to amend, Plaintiff's IFP Application, request to file by fax and request for electronic process service is DENIED WITHOUT PREJUDICE. Even if the court was not recommending dismissal, it would be unable to properly assess Plaintiff's IFP Application because the Application is incomplete. Plaintiff states that his "only income is $600 social security" and "pay[s] $500 rent".  ECF No. 2. There is no information about the frequency of the payments nor does Plaintiff indicate whether he has any additional assets or liabilities.  Therefore, the Court cannot determine whether Plaintiff qualifies for in forma pauperis status.

## CONCLUSION

In accordance with the foregoing, the Court makes the following recommendations:

(1) the Complaint be DISMISSED with leave to amend;

(2) Plaintiff be GRANTED until **January 11, 2019**, to file an amended complaint curing the deficiencies identified above;

(3) Plaintiff be instructed to title his amended pleading "First Amended Complaint";

(4) the IFP Application, request to file by fax and request for electronic process service be DENIED;

(5) Plaintiff be directed to file an IFP Application <u>or</u> pay the requisite filing fee by **January 11, 2019**; and

(6) Plaintiff be cautioned that failure to timely file an amended complaint that cures the deficiencies, along with the requisite filing fee or another IFP Application, will result in the dismissal of the action.

DATED: Honolulu, Hawaii, December 14, 2018.

_____
Kevin S.C. Chang
United States Magistrate Judge